IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| AMELIA ISLAND COMPANY,<br>A Delaware Corporation | § § § | CASE NO. 3:09-bk-09601 |
| Debtor. | § § § | |

### THE AD HOC CLUB COMMITTEE'S EMERGENCY REQUEST FOR CONTINUANCE OF AUCTION AND CONFIRMATION HEARING

**EMERGENCY CONSIDERATION OF THIS MOTION HAS BEEN REQUESTED**

[Relates to Docket Nos. 606 & 607]

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The Ad Hoc Committee of Current and Resigned Members of the Amelia Island Club (the committee and its constituent members are collectively referred to herein as "The Ad Hoc Club Committee")[1] hereby files this Emergency Request for Continuance of Auction and Confirmation Hearing ("Request for Continuance"), and would respectfully show the Court as follows:

### I. PRELIMINARY STATEMENT

1. The Ad Hoc Club Committee seeks a short continuance of the auction scheduled for August 23, 2010 at 3:00 p.m. and the hearing on confirmation of Debtor's First Amended Plan of Reorganization (the "Plan") scheduled for August 26, 2010 at 1:45 p.m. for two reasons: (a) to ensure that The Ad Hoc Club Committee is provided adequate time to file a notice of lis pendens on the property on which the Amelia Island Club (the "Club") was constructed (the

---

[1] All constituents of The Ad Hoc Club Committee are current or resigned individual members of the Amelia Island Club and are creditors in Debtor's bankruptcy estate. As of the filing of this Motion, The Ad Hoc Club Committee includes the individuals on the list attached hereto as **Exhibit A**, which has been updated since the filing of the Ad Hoc Club Committee's initial appearance.

1

"Club Property") to provide parties (including potential purchasers of Debtor's assets through the Plan) with notice of The Ad Hoc Club Committee's property interests in the Club Property and the relief sought in its Original Adversary Complaint (the "Adversary Complaint") against Debtor and PRIAC Realty Investments, LLC ("PRIAC"); and (b) to ensure that all Club members, including its constituents, are fully and correctly informed about Debtor's proposed treatment of their rights and claims should the Plan be confirmed and the new member-owned equity club (the "New Equity Club") be created.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C §157(b)(2)(A), (L), (N) & (O). Venue of this case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Court may grant the relief requested in this Motion pursuant to 11 U.S.C. § 105.

## III. FACTUAL AND PROCEDURAL BACKGROUND

2. On November 13, 2009 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. On July 2, 2010, Debtor filed its First Amended Disclosure Statement (the "Disclosure Statement") and the Plan [Docket Nos. 606 & 607, respectively].

4. On July 20, 2010, the Court conditionally approved the Disclosure Statement, established August 19, 2010 as the date by which all Ballots cast to accept or reject the Plan must be received, and set a hearing to consider confirmation of the Plan for August 26, 2010 [Docket No. 659]. The Court also ordered that any objections to the Plan or the conditionally approved Disclosure Statement must be filed on or before August 19, 2010 [Docket No. 632].

5. On August 18, 2010, The Ad Hoc Club Committee filed the Adversary Complaint[2] against PRIAC and Debtor.

## IV. RELIEF REQUESTED

A. **Request for Continuance of Auction Set for August 23, 2010**.

6. The Ad Hoc Club Committee respectfully requests that the Court continue the auction currently set for August 23, 2010, until The Ad Hoc Club Committee is permitted to file a notice of lis pendens on the Club Property and thereby provide parties (including potential purchasers of Debtor's assets through the Plan) with notice of The Ad Hoc Club Committee's property interests in the Club Property and the relief sought in its Adversary Complaint.

7. In the Adversary Complaint, The Ad Hoc Club Committee asserts causes of action against PRIAC and Debtor for breach of contract, declaratory judgment, and injunctive and related relief, seeking to ensure, *inter alia*, that PRIAC and Debtor honor PRIAC's subordination obligations under the Non-Disturbance Agreement and Independent Covenant (the "NDA"), and that any recoveries PRIAC receives through distributions from Debtor's bankruptcy estate are first paid to The Ad Hoc Club Committee in satisfaction of its rights to fully refunded membership deposits ("Membership Deposits") in the Club. The Adversary Complaint additionally seeks to ensure that The Ad Hoc Club Committee preserves certain existing independent covenants running with the Club Property.

8. The Plan contemplates a sale of substantially all of Debtor's assets (including the Club Property), with Noble Hospitality Fund Acquisitions, LLC ("Noble") serving as a stalking horse bidder, and the creation of a New Equity Club. *See* Plan ¶¶ 4.1-4.3. The Plan proposes that the ultimate purchaser would take title to the Club Property free and clear of all liens, claims

---

[2] A copy of the filed Adversary Complaint (without attached Exhibits) is attached hereto as **Exhibit B** and incorporated herein by reference for all purposes.

and encumbrances, including The Ad Hoc Club Committee's independent covenants running with the Club Property. *See id.* ¶ 3.3(d).

9. An auction among Noble and other qualified bidders is currently scheduled for August 23, 2010. Prospective purchasers are presumably bidding under an assumption that they will take Debtor's assets free and clear of all liens, claims and encumbrances. However, as set forth in the Adversary Complaint, The Ad Hoc Club Committee believes that its property interests cannot be unreasonably restrained by operation of the sale of Debtor's assets or the Plan.

10. To provide parties with notice of The Ad Hoc Club Committee's property interests and the relief sought in the Adversary Complaint, The Ad Hoc Club Committee desires to file a notice of lis pendens on the Club Property. "The purpose of a notice of lis pendens is to alert creditors, prospective purchasers and others to the fact that the title to a particular piece of real property is involved in litigation." *Sheehan v. Reinhardt ex rel. Estate of Warren*, 988 So. 2d 1289, 1290-91 (Fla. Dist. Ct. App. 2008); *see also Am. Legion Cmty. Club v. Diamond*, 561 So. 2d 268, 269 n.2 (Fla. 1990) (quoting *Berkley Multi-Units, Inc. v. Linder*, 464 So. 2d 1356, 1357 (Fla. Dist. Ct. App. 1985)).

11. To ensure it properly requests such relief, on August 20, 2010, The Ad Hoc Club Committee filed an Emergency Motion to Lift the Automatic Stay ("Lift Stay Motion") solely for purposes of filing a notice of lis pendens on the Club Property [Docket No. 756]. Emergency consideration of the Lift Stay Motion has been requested.

12. A failure to have the lis pendens filed on the Club Property at the time of the auction may not only prejudice the rights and interests of The Ad Hoc Club Committee, but it may also prejudice the rights of prospective purchasers bidding under the assumption that they

will take Debtor's assets free and clear of any claims, liens and encumbrances. Accordingly, The Ad Hoc Club Committee respectfully requests that the Court continue the auction until The Ad Hoc Club Committee is permitted to file the notice of lis pendens on the Club Property.

**B.     Request for Continuance of Confirmation Hearing Set for August 26, 2010**.

13.     Additionally, The Ad Hoc Club Committee respectfully requests that the Court continue the hearing on confirmation of the Plan currently set for August 26, 2010 to ensure that all Club members are fully and correctly informed about Debtor's proposed treatment of their rights and claims should the Plan be confirmed and the New Equity Club be created.

14.     The Plan and the contemplated creation of the New Equity Club has created intense discussion (and sometimes disagreement) among the Debtor, the Board of Amelia Island Club, Inc. ("AICI"), a Florida not-for-profit corporation charged with representing the interests of Club members, and even Club members themselves. Among these varying viewpoints are certain Club members who do not agree with the Plan's treatment of and distributions among PRIAC and Club members. In an effort to protect their rights and interests, these members commenced a collective effort that has ultimately led to formation of The Ad Hoc Club Committee.

15.     Although The Ad Hoc Club Committee's efforts are obviously not perfectly aligned with those of Debtor, AICI and Club members supporting the Plan and the creation of the New Equity Club, its constituents are all creditors in Debtor's bankruptcy estate in Class 7 or Class 8 under the Plan. Accordingly, should the Plan be accepted, The Ad Hoc Club Committee's constituents are all entitled to be treated in accordance with the Plan's treatment for those respective classes of creditors (albeit The Ad Hoc Club Committee will still be entitled to

pursue Debtor and PRIAC to ensure the enforceability of the NDA and PRIAC's subordination obligations). *See* 11 U.S.C. § 1141(a).

16. Upon information and belief, the formation of The Ad Hoc Club Committee and the subsequent filing of the Adversary Complaint have resulted in the Debtor and other Plan proponents employing various coercion and intimidation tactics presumably aimed at securing additional acceptance to the Plan and dissuading Club members from joining or participating in The Ad Hoc Club Committee.

17. In particular, upon information and belief, at a meeting of Amelia Island Club members on the morning of August 19, 2010, a representative of AICI (*i.e.*, the entity charged with representing the interests of all Club members), informed Club members that Debtor had received sufficient votes to create the New Equity Club, and any Club member joining The Ad Hoc Club Committee would have their deposits for the New Equity Club returned, and be forced to pay exorbitantly higher amounts to join as new members. The same representative purportedly informed Club members that anyone joining "the Brandt Group" (a shorthand label for The Ad Hoc Club Committee, which is chaired by William A. Brandt, Jr.) would be forever barred from joining the New Equity Club, and would forfeit their liability deposit in the current Club in its entirety. Club members were also informed that 90% of the Club's members had voted in favor of the Plan, implying that the Court's approval of the plan was a *fait accompli*.

18. Such a blatant and misguided "scare" tactic is contrary to the Disclosure Statement, the Plan and the solicitation materials, and should not be tolerated by this Court. There is absolutely no language in the Disclosure Statement, the Plan or the solicitation materials that makes voting in favor of the Plan (or not taking a position) a prerequisite for membership in the New Equity Club. In fact, based on the materials circulated, there is no impediment to voting

6

to reject the Plan, while still submitting an application to join the New Equity Club to obtain membership in the event it is formed.

19. Clearly, the underlying purpose of such statements was solely to intimidate Club members and scare them away from joining or participating in The Ad Hoc Club Committee's efforts in the Adversary Complaint to secure a full refund of Membership Deposits in the Club. Nevertheless, Debtor's flawed representations have created significant uncertainty among Club members, including The Ad Hoc Club Committee's current constituents, regarding their rights and interests under the Plan and in the proposed New Equity Club. As a result of the dissemination of erroneous information, the entire voting process has been tainted. Club members should not be forced to vote or make a decision as to whether to join The Ad Hoc Club Committee and vote to accept or reject the Plan amidst such confusion and intimidation. Rather, all creditors are entitled to full and correct information from a credible and unbiased source before making such decisions.

20. Accordingly, The Ad Hoc Club Committee respectfully requests that, to ensure Club members, including The Ad Hoc Club Committee's constituents, are not casting their ballots or making decisions about the Plan based on misguided representations or improper intimidation, the Court continue the hearing on confirmation of the Debtor's Plan until Club members have had time to review all relevant documents and filings in light of these purportedly conflicting new Plan interpretations.

21. Should the Court desire a hearing on this motion, Counsel for The Ad Hoc Club Committee is available to participate telephonically at any time, on reasonable notice.

## V. PRAYER

WHEREFORE The Ad Hoc Club Committee requests that this Court enter an order: (a) continuing the auction from August 23, 2010 to a date after The Ad Hoc Club Committee files a notice of lis pendens on the Club Property (which The Ad Hoc Club Committee expects to accomplish within 2 business days of this Court ruling to lift the stay for such purpose); (b) continuing the hearing on confirmation of the Plan from August 26, 2010 to a date at least 14 days later so that all Club members can be fully and correctly informed about Debtor's proposed treatment of their rights and claims should the Plan be confirmed and the New Equity Club be created; and (iii) granting The Ad Hoc Club Committee such other and further relief to which it may be entitled.

Dated: August 20, 2010.

        **DIAMOND MCCARTHY LLP**

By: */s/ Brian A. Abramson*
    Allan B. Diamond (TBN: 05801800)
    J. Gregory Taylor (TBN: 19706100)
    Arley D. Finley, III (TBN: 07020400)
    Eric Madden (TBN: 24013079)
    Brian A. Abramson (TBN: 24050193)
    909 Fannin Street, Suite 1500
    Houston, Texas 77010
    Telephone: (713) 333-5100
    Facsimile: (713) 333-5195

    *Counsel for The Ad Hoc Committee of*
    *Current and Resigned Members of the*
    *Amelia Island Club*

# CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2010, I electronically filed and served the foregoing with the clerk of the Court by using the CM/ECF system.

**DIAMOND MCCARTHY LLP**

By: /s/ Brian A. Abramson
    Allan B. Diamond (TBN: 05801800)
    J. Gregory Taylor (TBN: 19706100)
    Arley D. Finley, III (TBN: 07020400)
    Eric Madden (TBN: 24013079)
    Brian A. Abramson (TBN: 24050193)
    909 Fannin Street, Suite 1500
    Houston, Texas 77010
    Telephone: (713) 333-5100
    Facsimile: (713) 333-5195

*Counsel for The Ad Hoc Committee of Current and Resigned Members of the Amelia Island Club*