UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re                                          )

AMELIA ISLAND COMPANY,[1]          )   Case No. 09-bk-9601
a Delaware corporation,
                                               )   Chapter 11
        Debtor.
_____)


STUTSMAN THAMES & MARKEY, P.A.'S
FINAL APPLICATION FOR ATTORNEYS'
FEES AND REIMBURSEMENT OF COSTS

| | |
|---|---|
| Name of Applicant: | Stutsman Thames & Markey, P.A. |
| Authorized to Provide Professional Services to: | Amelia Island Company |
| Application Period: | November 11, 2009 - August 26, 2010 |
| Amount of Compensation Requested: | $792,742.50 |
| Amount of Expense Reimbursement Requested: | $21,371.34 |
| Total Fees and Expenses Requested: | $814,113.84 |
| Unpaid Amount Requested: | $246,074.78 |

---

[1] The tax identification number of the Debtor is 57-0527665. The address of the principal office of the Debtor is 6800 First Coast Highway-South, Amelia Island, Florida 32034, Post Office Box 3000, Amelia Island, Florida 32035-1000.

Stutsman Thames & Markey, P.A. ("Applicant") files this, its final application pursuant to 11 U.S.C. §§ 330 and 503(b) for the entry of an order (i) approving its compensation for services rendered and authorizing the reimbursement of costs during the pendency of this Chapter 11 case, and (ii) allowing same as Chapter 11 administrative expense, and in support of the application states:

1. Debtor, Amelia Island Company ("Debtor"), developed and operates Amelia Island Plantation, a 1,350 acre AAA Four Diamond resort located on the Atlantic Ocean and Intercoastal waterway on Amelia Island, Florida. The resort includes a 249 room deluxe oceanfront hotel, a 49,000 square foot conference center, 4 golf courses, 9 restaurants, a beach club, a spa and a shopping village. The company employs approximately 825 people.

2. On November 13, 2009 (the "Petition Date"), Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code.

3. Applicant's employment as Chapter 11 counsel was approved by order dated December 22, 2009, *nunc pro tunc* to the Petition Date [Docket No. 149].

4. By this application, Applicant seeks approval of all fees and costs incurred or advanced during the pendency of this Chapter 11 case.

5. From November 11, 2009 through August 26, 2010, Applicant devoted 2,700.9 hours in attorney and paralegal time towards this Chapter 11 reorganization for which it now seeks allowance as a Chapter 11 administrative expense of $792,742.50. Attached as **Exhibit A** is a composite daily summary in greater detail of Applicant's services rendered in this case during the application period, which summary includes a statement of the time devoted each day to this case by the individual attorneys and paralegals involved.

This daily summary is derived from individual time slips, completed generally as services were rendered, which contain a description of those services.

    6. In connection with the rendering of such services, Applicant disbursed for actual, necessary out-of-pocket expenses in connection with representation of Debtor in the amount of $21,371.34. Such advances include photocopying charges, postage, court reporter fees and filing fees, as more particularly described in **Exhibit A** attached hereto.

    7. Under the terms of the Order Granting Debtor's Motion for Approval of Interim Compensation Procedures for Professionals dated December 18, 2009, Applicant has submitted monthly billings to Debtor and has received partial payments as permitted under the order. A summary of all billings and payments received by Applicant is set forth below:

| Period | Billed | Paid | Date |
|---|---|---|---|
| November 1 - 30, 2009 | $73,474.34 | $73,474.34 | 12/13/2009 |
| December 1 - 31, 2009 | $84,384.03 | $84,384.03 | 01/22/2010 |
| January 1 - 31, 2010 | $73,716.60 | $2,141.63 | 02/25/2010 |
| | | $57,415.52 | 03/02/2010 |
| | | $14,159.45 | 06/01/2010 |
| February 1 - 28, 2010 | $87,845.74 | $60,438.94 | 04/05/2010 |
| | | $27,406.80 | 06/01/2010 |
| February 1 - 28, 2010 | $2,429.00 | $1,943.20 | 04/05/2010 |
| | | $485.80 | 06/01/2010 |
| March 1 - 31, 2010 | $77,366.50 | $62,085.20 | 05/03/2010 |
| April 1 - 30, 2010 | $52,824.67 | $42,287.37 | 06/08/2010 |
| May 1 - 31, 2010 | $82,439.55 | $66,111.65 | 07/07/2010 |
| June 1 - 30, 2010 | $94,195.43 | $75,594.73 | 08/17/2010 |
| June 1 - 30, 2010 | $138.00 | $110.40 | 08/17/2010 |
| July 1 - 30, 2010 | $71,548.40 | $0.00 | |
| August 1 - 26, 2010 | $113,751.58 | $0.00 | |

    8. In considering the criteria of *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874 (11th Cir. 1990) and *Johnson v. Georgia Highway Expressway, Inc.*, 448 F.2d 714 (5th Cir. 1974), for the determination of a reasonable attorney's fee, the following

considerations justify the allowance for a fee to Applicant in the amount of its ordinary hourly rates for the time it has devoted to the representation of Debtor:

    a.    <u>The Time and Labor Required</u>.  Paragraphs 5, 6, and 7 above and Exhibit A attached hereto reflect the time and labor required to render the necessary services to Debtor during this application period.  In view of the complexity of the case, Applicant submits that the time and labor expended were reasonable and necessary to achieve the results realized to date.

    b.    <u>The Novelty and Difficulty of the Services</u>.  The case is large and complex.  As stated above, Debtor operates a 1,350 acre AAA Four Diamond resort and private club that includes a 249 room deluxe oceanfront hotel, a 49,000 square foot conference center, 4 golf courses, 9 restaurants, a beach club, a spa and a shopping village.  This vast array of facilities secures debt in excess of $50 million, not including claims of club members for a return of refundable deposits in the face amount of approximately $46 million.  The majority of the secured debt is held by PRIAC, Compass Bank and the National Bank of South Carolina.  PRIAC's debt is secured by the Amelia Inn, the Beach club, the Club, the Conference Center, plus other resort properties. Collateral securing Compass Bank's debt includes the Spa & Retail Village, the laundry equipment, the Kountry Inn, the Links Lodge soft costs, Brady Point Preserve lots, the first $2 million in accounts receivable, the Falcons Nest, the office complex, and vehicles and miscellaneous equipment.  NBSC's debt is secured primarily by the Amelia River Golf Course and Clubhouse.

Through Applicant's efforts, and with substantial assistance from Foley & Lardner, the Debtor submitted an Amended Plan of Reorganization which enjoyed the support of all creditor constituencies and was approved by the Court on August 27, 2010. The Plan contemplates a sale of AIC's assets to Omni Amelia, LLC for $67.1 million, which transaction is expected to close in September of 2010.

c. <u>The Skill Requisite to Perform the Legal Services Properly</u>. This is no run of the mill case. The representation of Debtor required specialized knowledge of bankruptcy law and experience with complex Chapter 11 reorganizations. Applicant believes that it possesses such skills and utilized them in connection with this case.

d. <u>The Preclusion of Other Employment by the Attorneys Due to Acceptance of this Case</u>. Applicant is aware of no other specific employment which was precluded by the acceptance of this case. The size of this Chapter 11 case taxed the personnel resources of the firm, and resulted in a high concentration of billings in a single matter, which in turns placed the firm at substantial risk if the reorganization was not successful.

e. <u>The Customary Fee</u>. Applicant performed its services in these jointly administered cases during the interim period at hourly rates ranging from $95 to $345 which are consistent with or below the fees charged by other bankruptcy professionals in this market. The hourly fees charged by the individual lawyers and paralegals are as follows:

| Timekeeper | Billing Rate | No. of Hours | Total Fees |
|---|---|---|---|
| Richard R. Thames, Attorney | $345.00 | 770.10 | $265,684.50 |
| Bruce E. Stutsman | $325.00 | 48.60 | $15,795.00 |
| Bradley R. Markey, Attorney | $325.00 | 155.90 | $50,303.50 |
| Eric N. McKay, Attorney | $295.00 | 1,296.70 | $382,526.50 |
| Loretta A. Talbert, Attorney | $225.00 | 224.10 | $49,934.50 |
| Robert A. Heekin, Jr., Attorney | $225.00 | 40.50 | $9,112.50 |
| J. Ryan Mahler, II, Attorney | $195.00 | 10.00 | $1,950.00 |
| Thomas C. Wagner, Paralegal | $165.00 | 32.00 | $5,280.00 |
| Shelley A. Jenkins, Paralegal | $125.00 | 15.70 | $1,962.50 |
| Amy K. Bishop, Paralegal | $95.00 | 107.30 | $10,193.50 |

f. <u>Whether the Fee was Fixed or Contingent</u>. The basis of Applicant's fee is the customary hourly rates charged by the Applicant for services by the attorneys involved. There is no premium or discounted billing involved. No amount of the fee has been guaranteed by any third party.

g. <u>Time Limitations Imposed by Debtor or Other Circumstances</u>. This Chapter 11 case has been extraordinarily consumptive of Applicant's resources and limited time availability. The goal of this reorganization was to preserve over 825 jobs through either a reorganization or an orderly sale of substantially all the Debtor's assets. Those goals were accomplished in a relatively timely manner.

h. <u>Amount Involved and Results Obtained</u>. The secured debts in this case total approximately $46 million. Unsecured debt totals approximately $55 million, though a large portion of those claims are contingent. Among other things,

Applicant has (a) complied with the various reporting requirements imposed by the U. S. Trustee, including the submission of initial and monthly reports, (b) prepared and filed statements of financial affairs and schedules of assets, liabilities and contracts consistent with the Bankruptcy Code and Bankruptcy Rules, (c) complied with due diligence requests from the Creditors' Committee, turning over documents for review by advisors to the Creditors' Committee, (d) obtained court approval under § 365 of the Bankruptcy Code to extend the time period for assuming or rejecting unexpired leases of non-residential real property, (e) sought authority to reject various unexpired executory contracts and unexpired leases relating to personal property and services and is continuing to analyze its remaining executory contracts and unexpired leases to determine whether rejection, assumption or assignment of such leases is in the best interests of the estate, (f) obtained Court approval to suspend payments under a lease of non-residential real property with the City of Fernandina Beach, Florida, (g) obtained Court approval to reject a consulting agreement with Richard A. Cooper, (h) obtained an extension of the exclusivity period, (i) in conjunction with its secured lenders, Amelia Island Club, Inc. and the Creditors' Committee, explored and vetted various offers for acquisition of the resort, the last factor being the most consumptive of resources to date, and (j) filed an Amended Plan of Reorganization which was confirmed on August 27, 2010. Applicant believes that its efforts during the application period have proven to be of substantial benefit to the estate.

i. <u>Experience, Reputation and Ability of Attorneys</u>. Much of the work on this matter was performed by Richard R. Thames, a lawyer with over 21 years of experience in bankruptcy related matters. Mr. Thames is certified by the American Board of Certification as a Business Bankruptcy Specialist. He is also the past President of the Jacksonville Bankruptcy Bar Association, and a former law clerk for the Honorable George L. Proctor, United States Bankruptcy Court, Middle District of Florida. Mr. Thames was assisted in the representation primarily by Eric N. McKay, an attorney with 9 years of bankruptcy experience with Jones Day, a top-tier, nationally ranked law firm. Mr. McKay was primarily responsible for drafting the Amended Plan of Reorganization and coordinating the due diligence and drafting of the Asset Purchase Agreements used in connection with the proposed sale and equity conversion of the Club.

j. <u>The Undesirability of this Case</u>. This case was certainly not "undesirable," although the time commitments associated with the case are burdensome for a firm of Applicant's size.

k. <u>The Nature and Length of the Professional Relationship with the Client</u>. Applicant was first retained by Debtor in the Fall of 2009 and had no relationship with Debtor prior to the initiation of this Chapter 11 case.

l. <u>Awards in Similar Cases</u>. The amount sought by Applicant is not unreasonable in terms of awards in similar cases where comparable results have been obtained through the diligence and skill of counsel.

WHEREFORE, for the foregoing reasons, Applicant requests that the Court approve and allow (i) $792,742.50 as compensation for professional services rendered during the pendency of this Chapter 11 case, plus $21,371.34 in cost reimbursement through such date, for a total amount of $814,113.84, and (ii) grant such other relief as is appropriate.

**STUTSMAN THAMES & MARKEY, P.A.**

By  */s/ Richard R. Thames*
    Richard R. Thames
    Eric N. McKay

Florida Bar Number 0718459
Florida Bar Number 0010215
50 N. Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904 358-4001 (Facsimile)
rrt@stmlaw.net
enm@stmlaw.net

Attorneys for Amelia Island Company

## Certificate of Service

I hereby certify that, on September 3, 2010, the foregoing pleading was transmitted to the Clerk of the Court for uploading to the Case Management/Electronic Case Files ("CM/ECF") System, which will send a notice of electronic filing to the Office of the United States Trustee, 135 W. Central Blvd., Room 620, Orlando, Florida 32280 and all parties who have consented to receiving electronic notifications in this case. Copies of the foregoing were also furnished by mail to the "Short List" of creditors and parties in interest attached to the original of this pleading.

/s/ Richard R. Thames
_____
Attorney

79690

**Amelia Island Company**
3:09-bk-09601
"Short List" of Creditors and Parties in Interest

Amelia Island Club, Inc.
c/o Betsy C. Cox, Esq.
Rogers Towers, P.A.
1301 Riverplace Boulevard, Suite 1500
Jacksonville, Florida 32207

Compass Bank
c/o Alan M. Weiss, Esq.
Holland & Knight LLP
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202

At Work Uniforms
Post Office Box 40
Orange Beach, Alabama 36561

Textron Financial Corporation
c/o H. Keith Thomerson, Esq.
Hinshaw & Colbertson, LLP
50 North Laura Street, Suite 2200
Jacksonville, Florida 32202

Atlantic Seafood
Attn: Anne Coonrod
316 Ash Street
Fernandina Beach, Florida 32034

TCF Equipment Finance, Inc.
c/o Michael A. Tessitore, Esq.
612 E. Colonial Drive, Suite 150
P.O. Box 2351 (32802)
Orlando, Florida 32803

Official Members/Depositors Committee
c/o John D. Emmanuel, Esq.
Fowler White Boggs, P.A.
Post Office Box 1438
Tampa, Florida 33601

Valleycrest Golf Course Maintenance
24151 Ventura Blvd.
Calabasas, CA 91302

Sysco / Gulf-Atlantic Services
P.O. Box 3745
Jacksonville, FL 32236-7045

National Bank of South Carolina
c/o David E. Otero, Esq.
Akerman Senterfitt
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202

PRIAC Realty Investments, LLC
John T. Rogerson, III, Esq.
Volpe, Bajalia, Wickes & Rogerson
501 Riverside Avenue, 7th Floor
Jacksonville, Florida 32202

Jeff Becker, Esq.
Hiday & Ricke, P.A.
Post Office Box 550858
Jacksonville, Florida 32255

Lance P. Cohen, Esq.
Cohen & Thurston, LLP
1723 Blanding Boulevard, Suite 102
Jacksonville, Florida 32210

Ascension Capital Group, Inc.
Attn: Compass Bank (Secured) Department
P.O. Box 201347
Arlington, TX 76006

Ford Motor Credit Company
Schuyler Smith, Esq.
118 West Adams Street, Suite 800
Jacksonville, Florida 32202

Data Vision
Attn: Sherry Marek Chary
860 Marina Drive
Weston, Florida 33327

Official Members/Depositors Committee
c/o John Francis Gough, Esq.
Gough Law Associates, RLLC
One South Broad Street, Suite 1500
Philadelphia, Pennsylvania 19107

Foley & Lardner, LLP
P.O. Box 240
Jacksonville, FL 32201-0240

Heritage Paper Co., Inc.
P.O. Box 23517
Jacksonville, FL 32241

Red Maple Investors, LLC
c/o Cynthia C. Jackson, Esq.
225 Water Street, Suite 1800
Jacksonville, Florida 32202

Elana Escamillia, Esq.
Office of the U.S. Trustee
135 W. Central Boulevard, Suite 620
Orlando, Florida 32801

Trey A. Monsour, Esq.
Jason B. Binford
Haynes & Boone, LLP
2323 Victory Avenue
Dallas, Texas 75219

Ikon Office Solutions
Recovery & Bankruptcy Group
3920 Arkwright Road, Suite 400
Macon, Georgia 31210

Paul M. Rosenblatt, Esq.
Shane G. Ramsey, Esq.
Kilpatrick Stockton, LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528

E.H. Thompson Company
c/o Jeffrey R. Roth, Esq.
7700 North Kendall Drive, Suite 507
Miami, Florida 33156

IKON Financial Services
Attn: Bankruptcy Administration
1738 Bass Road
Post Office Box 13708
Macon, Georgia 31208

National Bank of South Carolina
Attn: George W. Lindsey, Esq.
Post Office Box 219
Myrtle Beach, South Carolina 29578

Nicola, Gudbranson & Cooper
Landmark Towers
Republic Building, #1400
Cleveland, OH 44115

Bachara Construction Law Group
1 Independent Dr., #1800
Jacksonville, FL 32202

AIP Community Association
c/o A.I. Management
Amelia Island Plantation
Amelia Island, FL 32034

Florida Public Utilities
P.O. Box 418
Fernandina Beach, FL 32035-0418

Comcast
1600 S. 14th St.
Fernandina Beach, FL 32034

Thermaserve, Inc.
6676-1 Columbia Park Dr. S.
Jacksonville, FL 32258

KPMG, LLP
Dept. 0572
P.O. Box 120001
Dallas, TX 75312-0572

Siemens Corp.
Attn: Kim Lem
186 Wood Ave. S.
Iselin, NJ 08830

Comcast
6805 Southpoint Pkwy.
Jacksonville, FL 32216

Fahlgren
400 N. Ashley Dr., #2020
Tampa, FL 33602

Microsoft Licensing, GP
c/o Bank of America
1401 Elm St., 5th Fl.,D842467
Dallas, TX 75202

Martin Coffee Company
1633 Marshall St.
Jacksonville, FL 32206

Southern Living
2314 Paysphere Cir.
Chicago, IL 60674

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 21126
Philadelphia, PA 19114-0326

Internal Revenue Service
Attn: Special Procedures
P.O. Box 34045, Stop 572
Jacksonville, FL 32202

United States Attorney
300 North Hogan St., Suite 700
Jacksonville, FL 32202

Securities & Exchange Commission
Reorganization Branch, Atlanta
3475 Lenox Rd., NE, Suite 1000
Atlanta, GA 30326-3235

AT&T
Post Office Box 79045
Baltimore, Maryland 21270

Beachside Villas Condominium Association
c/o Gunster Yoakley & Stewart, P.A.
225 Water Street, Suite 1750
Jacksonville, Florida 32202

Nassau-Amelia Utilities
c/o Jeffrey R. Dollinger, Esq.
Scruggs & Carmichael, P.A.
One SE First Avenue
Gainesville, Florida 32601

Dynamix Group, Inc.
c/o Elaine N. Brasch, Esq.
FSP Legal Counsel
255 Walhalla Court
Atlanta, Georgia 30350

Deere Credit, Inc.
c/o A. Christopher Kasten, II, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, Florida 33601-3913

J. Robert Williamson, Esq.
Scroggins & Williamson
1500 Candler Building
127 Peachtree Street, N.E.
Atlanta, Georgia 30303

George E. Ridge, Esq.
Tiffiny D. Safi, Esq.
Cooper, Ridge, Lantinberg & Safi
136 East Bay Street, Suite 301
Jacksonville, Florida 32202

C. Popham Decunto, Esq.
6550 St. Augustine Road, Suite 105
Jacksonville, Florida 32217

Tammi E. Bach, Esq.
City Attorney
204 Ash Street
Fernandina Beach, Florida 32034

David A. Samole, Esq.
Charles W. Throckmorton, Esq.
2525 Ponce De Leon, 9th Floor
Miami, Florida 33134

G. Brian Butler, Esq.
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044

David W. Cranshaw, Esq.
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326-1044

James M. Crowley
1 Red Cedar Road
Amelia Island, Florida 32034